UNITED STATES *v.* DAVIES, TURNER & Co. (No. 1041).[1]

VEGETABLE TALLOW AND FREE ENTRY.

> Conceding for the purposes of this case only that the merchandise is a vegetable tallow or that it is commercially known as such, it is not the vegetable tallow described in paragraph 580, tariff act of 1909, and it can not, therefore, be admitted free of duty.

United States Court of Customs Appeals, April 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29841 (T. D. 32830).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

*Robert H. Neilson* for the appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain merchandise imported at Boston, Mass., and returned by the appraiser as "a mixture chiefly composed of saponified fat, unsaponified fat, and alkaline silicate," was assessed for duty by the collector of customs as a nonenumerated manufactured article at 20 per cent ad valorem under the provisions of paragraph 480 of the tariff act of 1909, which paragraph reads as follows:

> 480. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this section, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

The importers protested that the importation was vegetable tallow and that it was entitled to free entry under the provisions of paragraph 580 of said act, which said paragraph is as follows:

> 580. Grease, fats, vegetable tallow, and oils (excepting fish oils), such as are commonly used in soap making or in wire drawing, or for stuffing or dressing leather, and which are fit only for such uses, and not specially provided for in this section.

---

[1] Reported in T. D. 33364 (24 Treas. Dec., 580).

The Board of General Appraisers sustained the protest and the Government appealed.

To entitle vegetable tallow to free entry it must be such as is commonly used in soap making or in wire drawing or for stuffing or dressing leather and it must be commercially unfit for any other purpose. The record here not only fails to show that the importation is fit only for soap making, wire drawing, or stuffing or dressing leather, but it contains no evidence whatever proving or tending to prove that the commodity under consideration is ever used by or in any of those industries. More than that, the testimony in the case and the report of the appraiser definitely agree that the merchandise is utilized to secure a clear print of wall paper designs by cutting the "foam" of the colors employed in the manufacture of wall paper. Indeed, it would seem from the testimony of the only witness in the case that goods such as those involved in the appeal are manufactured, imported, and used for no other purpose than that of treating the colors employed in the printing of wall papers.

Conceding for the purposes of this case only that the merchandise imported is a vegetable tallow or that it is commercially known as such, it is not the vegetable tallow described in paragraph 580 and it therefore can not be admitted free of duty.

There is nothing in the record which would justify us in concluding that the merchandise is classifiable as a chemical mixture, as suggested in the Government's brief, or that it is dutiable under any other paragraph than that under which it was assessed by the collector.

The decision of the Board of General Appraisers is *reversed.*